paid. Had the evidence in that case been of the same character as the evidence now before us, we would have reached a different conclusion therein.

For the reasons stated, judgment will be entered in favor of the Government.

**No. 50803.**—Protest 108103–K of Ignaz Strauss & Co. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of jars the same in all material respects as those the subject of Abstract 50327. In accordance therewith and following the decision cited, the merchandise was held properly dutiable at 70 percent ad valorem under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

**No. 50804.**—Protests 45620–K, etc., of D. & A. Sclafani et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects either to the Romano, Pecorino Romano Sardo, Provolone, or Sbrinz cheese which was the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible substance on the outside of the cheese. The protests were sustained to this extent.

**No. 50805.**—Protests 56969–K, etc., of Calarco Importing Co. et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects either to the Romano, Pecorino Romano Sardo, Provolone, or Sbrinz cheese which was the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible substance on the outside of the cheese. The protests were sustained to this extent.

**No. 50806.**—Protests 47338–K, etc., of F. Weber Co. et al. (Philadelphia).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.